## MARY A. DYER *vs.* MAINE CENTRAL RAILROAD COMPANY.

### Knox.    Opinion April 5, 1921.

*The full duty of a railroad company to the public is not always embraced in compliance with statutory requirements, but an engine or train run across a highway near the compact part of a town with the bell ringing at a speed not exceeding six miles an hour, does not constitute negligence, whether there are. gates, flagman, or automatic signals, or not.    Evidence does not justify a finding of negligence.*

The defendant corporation has, and in 1916 had a branch track crossing Pleasant St., Rockland at grade.    On August 29, 1916, an automobile in which the plaintiff was riding as a passenger, was, upon this crossing, struck by the defendant's locomotive.    The injuries were thus caused on account of which this suit is brought.

The plaintiff has recovered a verdict.    The defendant brings the case to this court on motion and exceptions to the refusal of the presiding Justice to order a verdict for defendant.    No gate ·or automatic signal was maintained, and no flagman stationed at this crossing.    It· does not appear that such safety devices had been ordered by the Public Utilities Commission or asked for by the city authorities.

The mere fact however that such precautionary measures had not been ordered or prayed for does not necessarily exonerate the defendant.    The requirements of the statute do not measure the full duty of a railroad company to the public.

There are situations wherein by reason of congested travel or other conditions, it would be manifestly negligent to run railroad trains across unguarded streets, although no gate or other safety appliance had been officially ordered.

But it is plain that the Pleasant St. crossing was· not such a situation.    The street was not a crowded thoroughfare.    At the date of the accident it was used as a detour owing to the temporary closing of another street.    There is nothing to show that it was other than a residential street carrying a moderate amount of traffic.

A sign board as required by R. S., Chap. 56, Sec. 72 was at the time of the accident maintained by the defendant.    If the jury found the defendant corporation guilty of negligence by reason of the absence of other safety devices at the crossing, the verdict cannot be justified.

No whistle was sounded as the train approached the Pleasant St. crossing. A bell was rung however. This appears from the testimony of one of the plaintiff's witnesses. Being within the city limits no whistle was necessary.

The plaintiff contends that the defendant's train crossed Pleasant St. at an excessive and negligent rate of speed. The statute then in force provided that "no engine or train shall be run across a highway near the compact part of a town at a speed greater than six miles an hour" (unless gates, flagman or automatic signals are provided). The evidence fairly shows that the Pleasant St. crossing is "near the compact part of a town."

Violation of this section renders the corporation liable to a penalty, and is evidence of negligence though not conclusive as a matter of law.

But there was not in the case sufficient evidence to justify a jury in finding that at the time of the accident the defendant's train was crossing Pleasant St. at an excessive and negligent rate of speed. No other acts of the defendants claimed to be negligent having been shown the mandate must be. Motion sustained. New trial granted.

On exceptions and motion. This is an action to recover for personal injuries sustained by plaintiff, who was a passenger in an automobile which was hit by a train of defendant on the railroad crossing at Pleasant St. in the City of Rockland, on the twenty-ninth day of August 1916. The case was tried to a jury at September term, 1920, in Knox County, and at the close of the testimony the defendant moved for a directed verdict upon the ground that there was no negligence on the part of the railroad, and secondly that plaintiff was guilty of contributory negligence, which motion was refused by the presiding Justice and defendant took exceptions. A verdict for plaintiff was rendered for $4048.33, and defendant filed a general motion for a new trial. Motion sustained. New trial granted.

Case is stated in the opinion.

*Arthur S. Littlefield,* for plaintiff.

*White & Carter, and S. T. Kimball,* for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

DEASY, J. The defendant corporation has, and in 1916 had a branch track crossing Pleasant St., Rockland at grade. On August 29, 1916, an automobile in which the plaintiff was riding as a passenger, was, upon this crossing, struck by the defendant's locomotive. The injuries were thus caused on account of which this suit is brought.

The plaintiff has recovered a verdict. The defendant brings the case to this court on motion and exceptions to the refusal of the presiding Justice to order a verdict for defendant. No gate or automatic signal was maintained, and no flagman stationed at this crossing. It does not appear that such safety devices had been ordered by the Public Utilities Commission or asked for by the City Authorities. R. S., Chap. 56, Sec. 73.

The mere fact however that such precautionary measures had not been ordered or prayed for does not necessarily exonerate the defendant. The requirements of the statute do not measure the full duty of a railroad company to the public.

"The common law still requires the exercise of care and prudence commensurate with the degree of danger incurred."

*Smith* v. *M. C. R. R. Co.*, 87 Maine, 348.

There are situations wherein, by reason of congested travel or other conditions, it would be manifestly negligent to run railroad trains across unguarded streets, although no gate or other safety appliance had been officially ordered.

But it is plain that the Pleasant St. crossing was not such a situation. The street was not a crowded thoroughfare. At the date of the accident it was used as a detour owing to the temporary closing of another street. There is nothing to show that it was other than a residential street carrying a moderate amount of traffic.

We do not agree with the plaintiff's counsel that a branch line street crossing should be provided with gates merely because of its proximity to the main line. Train noises emanating from the main line may be in some degree confusing, but they are warnings admonishing the traveler to proceed with greater caution.

A sign board as required by R. S., Chap. 56, Sec. 72, was at the time of the accident maintained by the defendant. If the jury found the defendant corporation guilty of negligence by reason of the absence of other safety devices at the crossing, the verdict cannot be justified.

No whistle was sounded as the train approached the Pleasant St. crossing. A bell was rung however. This appears from the testimony of one of the plaintiff's witnesses. Being within the City limits no whistle was necessary. R. S., Chap. 56, Sec. 72.

The plaintiff contends that the defendant's train crossed Pleasant St. at an excessive and negligent rate of speed. The statute then

in force provided that "no engine or train shall be run across a high-way near the compact part of a town at a speed greater than six miles an hour" (unless gates, flagman or automatic signals are provided). R. S., Chap. 57, Sec. 79. The evidence fairly shows that the Pleasant St. crossing is "near the compact part of a town."

Violation of this section renders the corporation liable to a penalty, and is evidence of negligence though not conclusive as a matter of law. *Wood* v. *R. R. Co.*, 101 Maine, 478; *Moore* v. *R. R. Co.*, 106 Maine, 304; *Sykes* v. *R. R. Co.*, 111 Maine, 182.

But unlawful speed was not proved. No direct testimony was offered as to the speed of the train. Two witnesses were produced who testified to the distance that the train ran after the collision. One said "perhaps one hundred and fifty feet." The other, "some hundred or more feet." From this testimony coupled with that of a witness who heard the brakes applied before the collision the plaintiff contends that the jury could legitimately and did undoubtedly deduce excessive speed.

A railroad man of many years experience testified as an expert that a train like the one in question, under conditions like those existing at the time of the accident, if running six miles an hour would require more than 200 ft. to come to a stop after the application of air brakes. The plaintiff offered this witness, but urges that his testimony is valueless by reason of his interest as an employee of the defendant.

No other expert testimony was offered. If the jury found excessive speed we think that such finding was based not on evidence, but upon conjecture and speculation.

There is no sufficient evidence of negligence on the part of the defendant in failing to provide safety devices, or to give warning signals, or in respect to the speed of its train. The plaintiff has not alleged and does not claim negligence in any other respect.

It is unnecessary to determine whether or not the plaintiff's want of due care contributed to the accident.

The bill of exceptions presents no question that is not before the court on the motion. It is unnecessary to pass upon it specifically.

*Motion sustained.*
*New trial granted.*